EVERETT STANLEY MONEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Money v. Commissioner
Docket Nos. 4127-87; 4128-87; 4129-87; 2071-88
United States Tax Court
T.C. Memo 1989-337; 1989 Tax Ct. Memo LEXIS 333; 57 T.C.M. (CCH) 951; T.C.M. (RIA) 89337; July 17, 1989
Everett S. Money, pro se. Kathryn E. Rooklidge, for the respondent. SWIFT
MEMORANDUM FINDINGS OF FACT AND OPINION SWIFT, Judge: Respondent determined deficiencies in petitioner's Federal income tax liabilities for the years 1981 through 1984 and additions to tax, as follows: Additions to Tax, I.R.C. Secs. [1]
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6654(a)
6661(a)
1981
$ 11,596  $ 2,845.50
$ 579.80
*
$ 869.00
--   1982
9,600  2,400.00
480.00
**
934.48
$ 960.00
1983
5,217  1,304.25
260.85
***
372.98
521.70
1984
2,260  565.00
113.00 ****
142.02
--   *334 After concessions and settlement of some issues, the issues remaining for decision are whether wages petitioner received constitute taxable income, and whether respondent properly determined the additions to tax. Respondent also has moved for an award of damages under section 6673. FINDINGS OF FACT Some of the facts have been stipulated and are so found. At the time the petitions were filed, petitioner resided either in Lake Elsinore, California, or Grand Terrace, California. During the years at issue, petitioner received substantial amounts of wages, interest, and unemployment compensation. The amounts thereof have been stipulated and need not be repeated herein. Petitioner did not pay any estimated Federal income taxes, nor did he file Federal income tax returns *335 for the years at issue. Upon audit (and after contacting petitioner's employers, banks, and unions), respondent determined the correct amount of estimated Federal income taxes petitioner should have paid and the deficiencies in petitioner's Federal income tax for 1981 through 1984. Respondent also determined the additions to tax set forth above. OPINION The wages, interest, unemployment compensation, and other income petitioner received constitute taxable income. Sec. 61; ; ; . Petitioner has the burden of proof with respect to the additions to tax under sections 6651(a)(1), 6653(a)(1) and (2), 6654(a), and 6661(a). Rule 142. These additions to tax are most appropriate where the taxpayer has failed to file tax returns and is relying on tax protester arguments such as the nontaxable nature of wages. Respondent's tax deficiencies and additions to tax are sustained except to the extent adjustments are necessary to reflect concessions and settlements the parties have entered *336 into. Due to the frivolous nature of petitioner's arguments in this case, respondent's motion for the imposition of damages under section 6673 will be granted and damages will be awarded to the United States in the amount of $ 1,000. Decisions will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. * 50 percent of the interest due on $ 11,596. ** 50 percent of the interest due on $ 9,600. *** 50 percent of the interest due on $ 5,217. **** 50 percent of the interest due on $ 2,260.↩